Gary P. SMITH, Plaintiff–Appellant,

v.

Robert J. HERNANDEZ, Warden;
et al., Defendants–Appellees.

No. 08–56433.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 14, 2009.*

Filed Oct. 5, 2009.

Gary P. Smith, Susanville, CA, pro se.

Phillip Lindsay, Deputy Attorney General, AGCA–Office of the California Attorney General, San Diego, CA, for Defendants–Appellees.

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

MEMORANDUM **

Gary P. Smith, a California state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's application of substantive law and for clear error its factual determi-

nations, *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir.2003), and we affirm.

The district court properly dismissed the action because Smith did not complete the prison grievance process prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 93–95, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (holding that "proper exhaustion" under § 1997e(a) is mandatory and requires adherence to administrative procedural rules). The district court did not clearly err by finding unpersuasive Smith's claim that defendants' actions prevented him from exhausting his administrative remedies. *See Wyatt*, 315 F.3d at 1119–20 ("In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact.").

The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over the state claims after dismissing the federal claims. *See* 28 U.S.C. § 1367(c)(3); *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1187 (9th Cir. 2001) (stating standard of review).

Smith's contention that the district court acted with "judicial bias," raised for the first time on appeal, is unpersuasive. Smith does not allege any "extrajudicial source" for the alleged bias, or "demonstrate such a deep-seated favoritism" by the district court "as to make fair judgment impossible." *United States v. Hernandez*, 109 F.3d 1450, 1454 (9th Cir.1997) (per curiam).

Appellees' unopposed Motion to Correct the Record on Appeal is granted. *See* Fed. R.App. P. 10(e)(2)(C) ("If anything material to either party is omitted from or misstated in the record by error or acci-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

dent, the omission or misstatement may be corrected ... by the court of appeals.").

**AFFIRMED.**

---

\** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.